The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on June 17, 2016, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: June 17, 2016**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 13-18227 |
| | ) | |
| DANA M. MINOR, | ) | Chapter 13 |
|     Debtor. | ) | |
| | ) | Judge Arthur I. Harris |

INDICATIVE RULING AND ORDER GRANTING THERESA DICKERSON'S
MOTION FOR STAY PENDING APPEAL[1]

On July 8, 2014, this Court confirmed the debtor's Chapter 13 plan, which contained a provision surrendering the real property located at 261 Norton Avenue, Barberton, Ohio 44203 [hereinafter, "the Barberton property"] to creditor Theresa A. Dickerson (See Docket No. 39). On February 18, 2016, the debtor filed a motion to sell the Barberton property to Barberton Realty Five, LLC for a sum of $5,500 (Docket No. 84), with the net proceeds to be turned over to the Chapter 13 trustee for distribution to Ms. Dickerson. This Court entered an order granting the motion to sell

---

[1] This Order is not intended for official publication.

on March 18, 2016 (Docket No. 86).

On March 29, 2016, Michael Fetty filed a separate motion to purchase the Barberton party (Docket No. 88). The Chapter 13 trustee, the debtor, and Barberton Realty Five, LLC all objected to Fetty's motion (Docket Nos. 91, 92, and 93). The Court held a hearing on Fetty's motion to purchase and denied the motion via marginal order on April 21, 2016 (Docket No. 96). The debtor's attorney, the Chapter 13 trustee, Ms. Dickerson, and Michael Fetty were all present at the hearing. On April 25, 2016, Ms. Dickerson filed a motion to vacate the Court's April 21, 2016 order (Docket No. 100), asserting that she had timely mailed to the bankruptcy clerk's office an objection to the first motion to sell.

The Court construed Ms. Dickerson's motion to vacate (Docket No. 100) as a motion for reconsideration. The Court denied Ms. Dickerson's motion for reconsideration and noted that the parties were entitled to rely on the Court's order dated March 18, 2016, approving the sale of the Barberton property to Barberton Realty Five, LLC (Docket No. 86). The Court noted that the order approving the sale was served upon Ms. Dickerson and was not timely challenged once it was entered on March 18, 2016. *See* Docket No. 101.

On May 12, 2016, Ms. Dickerson filed a notice of appeal of this Court's order denying Ms. Dickerson's motion for reconsideration. Ms. Dickerson's notice of

2

13-18227-aih    Doc 114    FILED 06/17/16    ENTERED 06/17/16 14:41:27    Page 2 of 7

appeal also included a request for an emergency stay to halt the sale of the Barberton property (Docket No. 104). Ms. Dickerson filed an amended notice of appeal and statement of election on May 25, 2016, in order to utilize the correct Official Form (Docket No. 108).

*Indicative Ruling under Bankruptcy Rule 8008*

On June 3, 2016, the Court entered an order setting a hearing on Ms. Dickerson's motion for a stay of the sale of the Barberton property pending appeal (Docket No. 110). The Court held the hearing on June 16, 2016. Only Ms. Dickerson and Mr. Fetty appeared at the hearing. At the hearing, Ms. Dickerson made an oral motion to take title to the Barberton property per the terms of the confirmed Chapter 13 plan and to vacate the Court's sale order dated March 18, 2016, so that Ms. Dickerson could sell the Barberton property herself and presumably obtain a larger recovery than from the $5,500 sale price approved in the March 18, 2016, sale order.

Due to Ms. Dickerson's pending appeal, the Court does not believe it has the authority at this time to rule on Ms. Dickerson's oral motion to take title to the Barberton property. However, under Bankruptcy Rule 8008, this Court may make an indicative ruling on Ms. Dickerson's motion. Rule 8008 states in pertinent part:

(a) *Relief Pending Appeal.* If a party files a timely motion in the

3

bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

For the reasons stated in open court on June 16, 2016, the Court indicates that it would likely grant Ms. Dickerson's oral motion to take title to the Barberton property and to vacate the Court's sale order of March 18, 2016, if the District Court remands for that purpose.

*Motion for Stay Pending Appeal*

Under Bankruptcy Rule 8007(a), a party may move the bankruptcy court for "a stay of a judgment, order, or decree of the bankruptcy court pending appeal[.]" The moving party may be required to file a bond or other appropriate security with the bankruptcy court in order to obtain the relief requested. *See* Fed. R. Bankr. P. 8007(c). In determining whether a stay pending appeal should be granted, the Court considers the factors that are considered in evaluating the granting of a preliminary injunction:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Serv. Employees Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012), (citing *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)); *see also In re Settlement Facility Dow Corning Trust*, No. 14-1090, 2014 WL 4824822 (6th Cir. Mar. 31, 2014).

For the reasons stated below as well as the reasons stated in open court on June 16, 2016, the Court grants Ms. Dickerson's motion for a stay of the sale of the Barberton property pending appeal. The Court begins by considering the first factor, the likelihood that Ms. Dickerson will prevail on the merits of the appeal. The Court must first address the timeliness of Ms. Dickerson's appeal. Mr. Fetty's *pro se* motion to purchase the Barberton property was filed on March 29, 2016, within 14 days of the sale order. The Court construes Mr. Fetty's motion as a timely motion for reconsideration of the Court's order approving the sale of the Barberton property under either Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 59(e) or Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b). Bankruptcy Rule 8002 states in pertinent part:

> (b) *Effect of a Motion on the Time to Appeal*.
>> (1) *In General*. If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>>> * * * *
>>> (B) to alter or amend the judgment under Rule 9023;

5

13-18227-aih    Doc 114    FILED 06/17/16    ENTERED 06/17/16 14:41:27    Page 5 of 7

> * * * *
> (D) for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.

Thus, the filing of Mr. Fetty's motion extended the time for all parties, including Ms. Dickerson, to appeal the March 18, 2016, order approving the sale of the Barberton property. Because the Court disposed of Mr. Fetty's motion at a hearing held on April 21, 2016, all parties had 14 days from that date to file an appeal (until May 3, 2016). Because the confirmed plan provides for the Barberton property to be surrendered to Ms. Dickerson and because Ms. Dickerson timely mailed her objection to the February 18, 2016, sale motion (even though for whatever reason it was never docketed or timely brought to the Court's attention), the Court believes that Ms. Dickerson has a good likelihood of success on appeal.

Next, the Court considers the likelihood that Ms. Dickerson will be irreparably harmed absent a stay. The Court concludes that Ms. Dickerson would suffer irreparable harm absent a stay, as she would not be able to seek a better sale price for the Barberton property and would have no further redress. *See* § 11 U.S.C. 363(m).

The Court must also consider the prospect that others will be harmed if the Court grants the stay. The Court finds that harm to others would be minimal, as all parties would still have the opportunity to purchase the Barberton property, and the debtor's responsibility for the property would cease once title were transferred to

Ms. Dickerson. Furthermore, there is no indication that any party has recently invested much money into the Barberton property itself.

Finally, the Court must examine the public interest in granting the stay. The Court finds that it is in the public interest that the Barberton property be sold quickly and that the property be renovated, if possible. The Court notes that Barberton Realty Five, LLC has apparently yet to close on the Barberton property nearly three months after the Court's March 18, 2016, order approving the sale, although the debtor's motion to sell stated that the property would be sold "ASAP" and that time was of the essence (Docket No. 84). At the hearing, Ms. Dickerson and Mr. Fetty both indicated that the City of Barberton is unlikely to demolish the Barberton property so long as parties are interested in renovating the property.

After weighing all four factors, the Court finds that Ms. Dickerson is entitled to a stay pending appeal under Bankruptcy Rule 8007.

CONCLUSION

For the reasons stated above and in open court on June 16, 2016, the Court issues an indicative ruling that the Court would likely grant Ms. Dickerson's oral motion to take title to the Barberton property as per the terms of the confirmed Chapter 13 plan, so that she may sell the property herself. In addition, the Court hereby stays, pending appeal, its March 18, 2016, order approving the sale of the Barberton property to Barberton Realty Five, LLC.

IT IS SO ORDERED.